Ruffin, Chief Justice.
 

 — Upon the proper construction' of those parts of the act of 1762
 
 {Rev. ch.
 
 69,) intended to provide at the instance of the sureties, for the removal of a guardian or for the indemnity of the sureties by counter-security or a new bond as guardian with other sureties; and upon the effect of any one of those several orders, if made by the County Court, or upon that actually made upon the proceedings instituted by the defendant in this case, questions might have been raised which would call for the serious deliberation of the Court. Perhaps it may have been supposed by the parties, that such would’ arise upon the statement of facts set out in the record. It is therefore incumbent on us to state, that in our opinion, they do not; lest an inference should be drawn from our silence, that any of these questions are incidentally passed upon in our judgment.
 

 The case comes before us on a single exception to the opinion expressed in the-Superior Court on the effect of certain evidence offered by the defendant under his plea of “
 
 conditions performed.”'
 
 The plaintiff sought to charge him with the estate of the ward in the hands of Jasper
 
 *477
 
 the guardian, in February, 1821, and with nothing more. At that time Jasper gave a new bond with other sureties for his guardianship, and was embarrassed, but had estate of his own sufficient in value to satisfy the sum now found to be then in his hands. But the guardian, neither before nor after 1831, ever made return or account of the estate of his ward, nor applied any part of it to her use, and afterwards became insolvent.
 

 Upon those facts, the defendant prayed an instruction from the Court, that the law presumed an application in 1821, of the guardian’s property, to the satisfaction of the debt to his ward, which amounted to a payment and performance of the conditions of the bond, and consequently discharged the sureties on the first bond. The Court held that the law did not raise the presumption insisted on; and there was a verdict and judgment for the plaintiff.
 

 We concur entirely in the opinion of his Honor. There is nothing tending to create any presumption in favour of the defendant, much less that set up in the instruction prayed for. It is to be collected from the case, that the guardian had wasted all the effeets of the ward that were received before 1821, or applied them to his own use. The utmost that could, under any circumstances, have been asked, was to presume that, without evidence to the contrary, he had those very effects in his hands, when he gave the new bond, and that being wasted afterwards, the new sureties were liable therefor, and consequently not the former ones. That would have called for the application of the act of 1762. But the facts contradict the necessary foundation of such a presumption. Jasper was then an involved man, a careless and unfaithful guardian, not returning nor keeping any accounts, and was petitioned against by this defendant upon those very grounds; and never in fact paid or delivered over anything to the ward; nor, as far as appears, had, at the time of giving the second bond, any part of the ward’s estate in specific articles, securities, or otherwise. What room then is there for a presumption, that his defaults have arisen exclusively since February, 1821 ? Or that he then made good those that had previously occurred ? There is no
 
 *478
 
 ground for it, but much for a contrary inference. If the case depended on this point, those of
 
 Harrison
 
 v.
 
 Ward,
 
 3 Dev. 417, and
 
 Clancy
 
 v.
 
 Carrington,
 
 Id. 529, would be decisive against the defendant.
 

 The case is, however, still stronger for the plaintiff upon the point made. That admits that Jasper had not his ward’s property actually jn his hands, but was her debtor at the time, for his previous receipts, and then claims that such debt was satisfied, by the application of his property in discharge of jit, Who applied his property to that purpose! He did not; that is .clear. Did the law? In what way? We cannot imagine any practicable method; for we believe the law never applies
 
 property to the
 
 payment of a debt, without a change of the property, .as in the case of an executor’s retainer; or affixing to it a lien at the least; neither of which can be said to have taken place here.
 

 The court is therefore of opinion upon the case, as appearing upon the pleadings and the exception, that the defendant has not shown any presumptive performance; and none actual being pretended, the plaintiff is entitled to a judgment.
 

 Of course this opinion is not intended
 
 to affect,
 
 nor can it affect, the rights of the two sets of sureties, as against each other, either in respect of contribution between them, or of the obligation of the posterior set, as substitutes, to exonerate those who were prior: which rights depend on other considerations, and perhaps can be finally adjusted only in another tribunal.
 

 Per Curiam, .Judgment affirmed.